Curia, per O’Neall, J.
The grounds for a nonsuit and new trial may be resolved into the single question, whether the plaintiff in this case was entitled to recover ? And we all agree, that both upon the law and the facts, she was.
The common law is very clear, that one may prescribe for air and light as well as for any other easement. Prescription *133 presumes a grant. The use of the easement for twenty years and upwards, is only the evidence of it. It supposes that' at a time to which the memory of living witnesses does not ordinarily reach, the easement enjoyed so long was granted; and that the evidence thereof has perished in the lapse of time. It is trae, I have no doubt, that every prescriptive right commences in consent. The then owners of the soil-, either for a consideration or without one, consented that the easement should be enjoyed; and it is left to the cupidity of some subsequent owner, after the lapse of perhaps half a century, to attempt to resume that which his predecessor consented another should have. In Aldred’s case, 9 Co., 58, it was ruled that an action lay for obstructing ancient lights ;¦ and the reason assigned is, that the hindrance of light, “ quod messuagium hórrida tenehritate obacuratum fuit,” was such an injury as ought to be redressed; and a ease in the 29 El. is’ referred to, which fully sustains the position'. In that ease, Wray, Ch. J., and the whole Court of King’s Bench, assign as one reason for their judgment, "that it may be before time of memory, the owner of said piece of land has granted to the owner of the house to have the said windows without any stopping of them.”
In 2 Saunders, 175, all the doctrine of prescriptive rights is stated, and the learned annotator-there states the rule to be, as is now universally conceded, that twenty years use of an easement creates a prescriptive right; and he there applies-the doctrine to ancient lights, and cites the case of Lewis vs. Price, in which Wilmot; J. said, “that where a house has-been built forty years, and has had lights at the end of it, if the owner of the adjoining ground builds against them, so-as to obstruct them, an action lies.”
These authorities, as well as others which can be found, show that at common law-, if one be possessed of a house with windows opening upon the land of another for twenty years- and upwards, that these cannot be obstructed so as to deprive him of the light and air as he used to enjoy it. This has not been denied by the learned counsel for the defendant.
But he has insisted that the rule was an unwise one, and inapplicable to this country.
The first argument may very properly be addressed to-legislators; with judges, however, it can have no weight. *134 The law, as we find it, and not as we would have it, is to be our guide. The other argument can have as little force; the common law is the law of South Carolina, as much as it is of England. It is true, if any of its principles did not comport with our political or civil institutions, we would be at liberty to disregard them. But there is nothing in the principle now under consideration, which renders it unsuitable to our political or civil institutions. It is a mere private right, originating in consent, and perfected by lapse of time, contributing to the comfort and value of a person’s habitation.
In the case under consideration, the evidence shows the occupation of both the plaintiff’s and the defendant’s lot, leaving a space of from four to five and a half feet between the houses, for the last half century; and that upon this open space the plaintiff’s windows opened during all that time. This clearly gives the prescriptive right to light and air; the defendant’s house built so near to the plaintiff’s as not to leave her room to open her window shutters; indeed, not leaving more space than from, four to eight inches between the houses, must obstruct her lights; and the jury having so found, this Court cannot disturb the verdict.
The motion is dismissed.